**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

RUSSELL A.D.,[1]

          Plaintiff,

vs.

LELAND DUDEK,
Acting Commissioner of Social Security,

          Defendant.

No. 23-CV-65-CJW-MAR

**ORDER ON REPORT AND
RECOMMENDATION**

---

## I.    INTRODUCTION

This matter is before the Court on a March 3, 2025 Report & Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 15). Judge Roberts recommends that the Court affirm the decision of the Commissioner of Social Security ("the Commissioner") denying Russell A.D.'s ("claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act, Title 42, United States Code, Sections 401-34 ("the Act"). (*Id.*, at 1). Claimant filed an objection in which he asserts that neither the Administrative Law Judge ("ALJ"), nor Judge Roberts, addressed "the fact that [claimant] was treated for his physical and mental health more than 130 times from January 2021 through May 18, 2022," which claimant argues "supports the assessments of both Dr. Hines and Dr. Edwards that [claimant] would miss work more than two times each month." (Doc. 16, at 2). Claimant also argues "[t]he ALJ failed to accord the medical opinions persuasiveness as provided by

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

the Regulations." (*Id.*). The Commissioner filed a response. (Doc. 17). For the reasons that follow, the Court **adopts** Judge Roberts' R&R and **affirms** the Commissioner's decision.

## II. BACKGROUND, STANDARDS, AND THE ALJ'S FINDINGS

The Court finds that Judge Roberts accurately set out the background, disability determinations standards, burden of proof, and the ALJ's findings (Doc. 15, at 1-7), and claimant does not object to any portion of it. Thus, the Court adopts those portions of the R&R and incorporates them by reference without replicating them here.

## III. STANDARD OF REVIEW OF AN R&R

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error."). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*

2

*City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## IV.     THE REPORT AND RECOMMENDATION

Claimant argued the ALJ committed reversible error by (A) failing to properly evaluate the medical opinions of treating physician, Dr. Marc Hines, M.D., and treating psychologist, Dr. Martin Edwards, Ph.D.; and (B) failing to provide the VE with a hypothetical question that captured the concrete consequences of Claimant's physical and mental impairments.  (Doc. 10).  Judge Roberts addressed each of claimant's arguments in his R&R.  In his objections, claimant makes no mention of the alleged failure to provide the Vocational Expert ("VE") with an appropriate hypothetical question.  Having reviewed the record as a whole and conducted a de novo review of that issue, the Court finds the ALJ did not err in this regard.  Thus, the Court will focus this order on the first claim of reversible error, that is the weight afforded the medical opinions of Drs. Hines and Edwards.

In the first line of Judge Roberts' R&R on this issue, he notes that "Claimant points out that he had a long treatment relationship with Dr. Hines."  (Doc. 15, at 7).  Judge Roberts then discussed in great detail that long history, based on a thorough review of the treatment records.  (*Id.*, at 8-10).  Judge Roberts noted, in particular, Dr. Hines' observation that claimant suffers from migraines which occur one to two times per week and cause visual effects which prevent him from seeing well for three to four hours.  (*Id.*,

at 9-10). Judge Roberts then reviewed the ALJ's consideration of Dr. Hines' opinions and the reasons the ALJ articulated for not finding them persuasive. (*Id.*, at 11-12). The ALJ found the opinions not well supported in the record and found them conclusory in nature, and noted that claimant has responded well to treatment. (*Id.*). Judge Roberts concluded that substantial evidence supported the weight the ALJ afforded Dr. Hines' opinion. (*Id.*, at 12).

As with Dr. Hines, Judge Roberts carefully reviewed the lengthy treatment provided by Dr. Edwards and analyzed the evaluation the ALJ made of that treatment and the weight the ALJ afforded Dr. Edwards' opinions. (*Id.*, at 12-21). Again, Judge Roberts dove deep into the medical records and the bases for the ALJ's conclusion that the limitations Dr. Edwards assessed were not well supported by the medical evidence. (*Id.*, at 19). Judge Roberts found the ALJ properly supported her findings that Dr. Edwards' opinions were not consistent with the record as a whole and were not adequately supported by objective medical findings in the record. (*Id.*, at 21). Judge Roberts concluded that substantial evidence supported the weight the ALJ afforded Dr. Edwards' opinion. (*Id.*, at 21).

## V. DISCUSSION

Claimant objects to Judge Roberts' R&R because he claims Judge Roberts failed to consider "the fact that [claimant] was treated for his physical and mental health more than 130 times from January 2021 through May 18, 2022," which claimant argues "supports the assessments of both Dr. Hines and Dr. Edwards that [claimant] would miss work more than two times each month." (Doc. 16, at 2). Claimant also argues "[t]he ALJ failed to accord the medical opinions persuasiveness as provided by the Regulations." (*Id.*).

As for claimant's first assertion of error, claimant merely repeats an argument he made in his brief before Judge Roberts. (Doc. 10, at 21). Claimant seems to equate

4

attending medical appointments with needing to miss a full day's work. But claimant did not provide citation to the record before Judge Roberts, or in his objections, to support this supposition. As the Commissioner points out (Doc. 17, at 2-3), "[t]o be reviewable, an issue must be presented in the brief with some specificity. That means the [claimant] must offer more than a cursory and summary statement of the asserted error." *Dormani v. Target Corp.*, 970 F.3d 910, 916 (8th Cir. 2020) (internal quotations and citations omitted). Here, all claimant has done is make a summary statement that a large number of medical appointments supports the limitations his treating physicians opined. Claimant's objection contains nothing but that conclusory assertion. Moreover, the Court "rejects [claimant's] suggestion that a magistrate judge must expressly address every aspect of every argument raised by counsel, or every facet of an opinion drafted by the ALJ in order for their analysis to be correct." *Jennifer C.L. v. O'Malley*, No. 22-cv-3135 (KMM/DLM), 2024 WL 1209217, at *2 (D. Minn. Mar. 21, 2024). Here, Judge Roberts conducted a thorough review of the ALJ's decision and the record, and the Court finds his R&R reached the correct conclusion whether he directly addressed claimant's specific argument or not. Regardless, this Court has explained "that 'simply because a claimant requires regular healthcare appointments does not necessarily mean he cannot work on the days he has appointments, such as by arranging appointments around the work schedule or during breaks, nor even that the claimant would need to miss an entire work day for an appointment.'" *Brown v. Saul*, No. C18-3071-LTS, 2020 WL 1467044, at *5 (N.D. Iowa Mar. 26, 2020) (quoting *Morin v. Colvin*, No. 4:14-CV-00769-NKL, 2015 WL 4928461, at *9 (W.D. Mo. Aug. 18, 2015)).

As for claimant's second assertion of error, claimant faults the ALJ, but makes no specific objection to Judge Roberts' R&R or shows how or why Judge Roberts' R&R was erroneous. Again, claimant simply repeats an argument made in the original brief, and does so without sufficient elaboration or explanation. (Doc. 10, at 17-21). Asserting

that the ALJ "failed to accord the medical opinions persuasiveness as provided by the Regulations" is vague and conclusory. Under the regulations, an ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). Here, as Judge Roberts found and this Court agrees, the ALJ thoroughly evaluated the persuasiveness of the opinions by considering each of the factors listed by the regulations. That claimant disagrees with the ALJ's conclusion does not show that the conclusion was erroneous.

As Judge Roberts took pains to point out, this Court does not decide in the first instance whether a claimant is disabled. Rather, this Court's task is to ensure that an ALJ's decision is supported by substantial evidence on the record as whole. If it is, then the decision stands, regardless of whether this Court would reach a different conclusion if making the decision itself.

Thus, the Court overrules claimant's objections to Judge Roberts' R&R.

## VI.    CONCLUSION

For these reasons:

1.    Claimant's objections (Doc. 16) to the Report & Recommendation (Doc. 15) are **overruled**.

2.    The Court **accepts** the Report & Recommendation (Doc. 15) without modification. *See* 28 U.S.C. § 636(b)(1).

3.    Following Judge Roberts' recommendation:

a.    The Commissioner's determination that claimant was not disabled is **affirmed**; and

6

      b.     Judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 21st day of March, 2025.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa